AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of New York

Diane Kuznik, Individually and as Executrix of the Estate of Paul Kuznik

*Plaintiff(s)*

v.

United States of America

*Defendant(s)*

Civil Action No. 21-cv-553

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* United States of America

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Patrick J. Maloney, Esq.
Meyers Buth Law Group pllc
21 Princeton Place - Suite 105
Orchard Park, NY 14127
(716) 508-8598
pjmaloney@mblg.us

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____                  _____
*Signature of Clerk or Deputy Clerk*

United States District Court
Western District of New York

Diane Kuznik, Individually and as Executrix
Of the Estate of Paul Kuznik

*Plaintiff*

*vs*                                                                                    COMPLAINT

United States of America,

*Defendant*

Plaintiff, Diane Kuznik, by and through her attorneys, Meyers Buth Law Group, for her complaint, alleges upon information and belief that:

1. Plaintiff is a citizen of the United States of America and a resident of the State of New York, County of Erie, residing at 64 Garfield St., Lancaster, New York, 14086

2. Paul Kuznik was a resident of the county of Erie and died August 11, 2018.

3. On the 29th day of July 2020, Diane Kuznik was issued letters testamentary appointing her Executrix of the Estate of Paul Kuznik and and those letters are still in full force and effect.

### AS AND FOR A FIRST CAUSE OF ACTION FOR PERSONAL INJURIES

4. Defendant, at all times hereinafter mentioned, owns and operates the Veterans Administration Medical Center (VAMC) located in Buffalo, Erie County, New York.

5. Venue in the Western District of New York is proper pursuant to 28 USC §1402 and 28 USC §1391 on the basis that a substantial part of the acts or omissions giving rise to the claim occurred within the jurisdiction of said judicial district, and on the basis that plaintiff resides in said judicial district.

6. The amount in controversy in the matter, exclusive of interests and costs, is in excess of $75,000.

7. This action arises out of the Federal Tort Claims Act (FTCA), 28 USC §1346. Pursuant to the FTCA, plaintiff presented her claim to the VAMC, the federal agency out of whose activities the claim arose. Plaintiff's claim was presented in the form of an executed SF-95, including a description of a basis of the claim, a description of the nature and extent of the injury, and a demand for damages in sum certain, all in accordance with 28 USC §2675 and 28 CFR Part 14.

8. The administrative claim was received by the VAMC on August 11, 2020, more than six months prior to the commencement of this action. The agency failed to issue a final disposition of the claim during that period, so plaintiff's claim is deemed denied. Therefore, pursuant to 28 USC §2675, plaintiff may now properly commence this action against the United States in this Court.

9. Plaintiff has duly complied with all conditions precedent to the commencement of this action.

10. Paul Kuznik was being treated at the Buffalo VAMC and underwent open heart surgery on February 6, 2018. A barium swallow was done of February 13, 2018 which noted aspiration due to damage from prior cancer surgery. On February 21, 2018, a PEG (percurtaneaous. Gastrostomy tube) was placed by a surgical resident at the VA Medical Center, Katie Lynn Konesky, M.D.

11. Following the placement of the PEG tube Mr. Kuznik suffered from malabsorption syndrome, and on April 13, 2018 a CT was done which questioned placement of the PEG tube into the small bowel, as opposed to the stomach where it should have been placed. Despite a recommendation of clinical correlation this CT finding was not followed by the physicians at the Buffalo VA medical center.

12. Mr. Kuznik continued to be followed by the personnel at the Buffalo VA medical center for chronic diarrhea, dehydration and weight loss and malnutrition. He was eventually placed on a ventilator and pronounced dead on August 11, 2018. During the time of that treatment, defendant, by and through its agents, servants, and employees at the VAMC, negligently, carelessly, and unskillfully rendered medical care to Mr. Kuznik.

13. As a direct and proximate result of defendant's negligence, in improperly placing the PEG tube into Mr. Kuznik's small bowel and failing to discover it or remedy it in a timely manner, Mr. Kuznik suffered daily for over a six month period, with weight loss, dehydration, malnutrition, chronic diarrhea, and because of his weakened condition Mr. Kuznik suffered a fall fracturing his neck. His condition continued to deteriorate, eventually leading to his untimely death on August 11, 2018 after having endured great pain and suffering and Plaintiff therefor demands judgement on this cause of action in the amount of $500,000.00

## AS AND FOR A SECOND CAUSE OF ACTION FOR WRONGFUL DEATH

14. Plaintiff repeats and realleges paragraphs 1-13, the same as if each were more fully set forth herein.

15. That the decedent Paul Kuznik died as a direct and proximate result of the failure defendant's agents servants and employees to properly examine diagnose and properly treat Paul from February 21, 2018 until his death and August 11, 2018.

16. That the decedent Paul Kuznik left surviving him as his heirs and distributees the surviving spouse Diane Kuznik and decedent's children Dawn Kuznik and Paul M. Kuznik.

17. Prior to the negligence and malpractice of the defendants, decedent Paul Kuznik, was an able-bodied man who devoted himself to the welfare and comfort of his wife and family. By virtue of his wrongful death, decedent's wife and children have been deprived of the comfort and society of the decedent, Paul Kuznik, and of his services and financial contributions aforesaid, and of the moral, intellectual, physical and spiritual care and attention, guidance and training which only a father can provide to a child, and decedent's wife Diane Kuznik has been caused to lose the comfort, society, companionship, services, care and attention of her beloved husband, the decedent. Paul Kuznik.

18. On July 29, 2020 Diane Kuznik, was appointed Executor of the Estate of Paul Kuznik by the Erie County Surrogate.

19. By reason of the all of the aforesaid, the Plaintiff incurred and became liable for and/or paid for the funeral and burial expenses and the medical and hospital expenses on behalf of Decedent.

20. By reason of the foregoing, Plaintiff demands compensatory damages for the wrongful death of Paul Kuznik in the amount of $500,000.

WHEREFORE, plaintiff demands judgment against the defendant in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000) in the first cause of action and FIVE HUNDRED THOUSAND DOLLARD ($500,000) in the second cause of action, together with interests and costs.

Date: April 26, 2021

Respectfully submitted,

/s/ Patrick J. Maloney

Patrick J. Maloney, Esq.
Of Counsel
Meyers Buth Law Group
*Attorneys for Plaintiff*
21 Princeton Place
Suite 105
Orchard Park, New York 14127
(716) 508-8598